United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Bernardo Zabala, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-22221-Civ-Scola |
| Integon National Insurance | ) |
| Company, Defendant. | ) |

### Order Granting Motion to Dismiss

Plaintiff Bernardo Zabala claims that Defendant Integon National Insurance Company breached an insurance contract when the Defendant failed to cover damages suffered by the Plaintiff's property (the "Property") on or about September 10, 2017. (Compl., ECF No. 1-2.) This is the second action between these parties and arising from the same circumstances. The Court previously dismissed *Zabala v. Integon Nat'l Ins. Co.*, Case No. 20-cv-20751-RNS, on March 30, 2020, after the Plaintiff failed to timely respond to a motion to dismiss filed in that case and later failed to show cause for his failure to respond. Before the Court now is the Defendant's motion to dismiss the complaint, which argues that the insurance policy bars the Plaintiff from proceeding under a third-party beneficiary theory. (Def.'s Mot. to Dismiss, ECF No. 4.) The Plaintiff has responded (Pl.'s Resp., ECF No. 5) and the Defendant replied. (Def.'s Reply, ECF No. 6). Having considered the record, the briefing, and the relevant legal authorities, the Court **grants** the motion (**ECF No. 4**).

**1. Factual Background**

The Defendant insures the Property located at 14833 SE 59th Street, Miami, FL 33193, through a policy between itself and Seterus, Inc. – the policy's only "named insured" and the mortgage lender on the Property. (ECF No. 4-1 at 2 (the "Policy").) The Policy identifies Plaintiff Bernardo Zabala as the "borrower." (*Id.*) The Plaintiff was charged for the Policy's premiums and the Policy was in effect when the loss took place. (ECF No. 1-2 at ¶¶ 5-6.)

On or about September 10, 2017, the Plaintiff discovered damage to the property caused by Hurricane Irma. (*Id.* at ¶ 6.) The Plaintiff thereafter notified the Defendant of the loss sustained and cooperated with the Defendant's investigation of the loss. (*Id.* at ¶ 7.) The Defendant issued a claim number for the loss and assigned an insurance adjuster to the claim. (*Id.* at ¶ 8.) The Plaintiff provided the Defendant with a damage estimate of $161,643.37, which the Defendant rejected. (*Id.* at ¶¶ 9-10.)

Finally, the Plaintiff alleges that "[t]he mortgagee of the Plaintiff's property," Seterus, Inc., "has refused to pursue the insurance claim, repair the property as provided for in the mortgage, or otherwise insist that the Defendant restore and repair the Plaintiff's property as provided for" in the policy. (*Id.* at ¶ 11.) Accordingly, the Plaintiff has now sued the insurer, claiming that he "has an insurable interest in the safety or preservation of the home," "which may be enforced by the property owner, even though no policy of insurance is possessed in his name and has third-party beneficiary standing to enforce the provisions of the policy . . . ." (*Id.* at ¶ 13.)

### 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

### 3. Analysis

#### a. The Plaintiff Has Not Stated a Claim Upon Which Relief Can Be Granted.

The issue in this case is whether the Plaintiff may sue to enforce the Policy even though he is not a party to the Policy. The doctrine of third-party beneficiaries provides that under certain circumstances, a person may sue to enforce a contract, even though the person is not a party to the contract. *See* 11 Fla. Jur.2d Contracts § 206, at 406–07 (2008). "To establish an action for breach of a third party beneficiary contract, [the third party beneficiary] must allege and prove the following four elements: '(1) existence of a contract; (2) the clear or manifest intent of the contracting parties that the contract primarily and directly benefit the third party; (3) breach of the contract by a contracting party; and (4) damages to the third party resulting from the breach.'" *Mendez v. Hampton Court Nursing Ctr., LLC*, 203 So. 3d 146, 148 (Fla. 2016) (citation omitted). Under Florida law, a non-party to a contract may not sue for breach of that contract unless the party was an intended third-party beneficiary of such contract. *See Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277 (Fla. 1985); *Biscayne Inv. Grp., Ltd. v. Guarantee Mgmt. Servs., Inc.*, 903 So. 2d 251, 254 (Fla. 3d DCA 2005).

The complaint does not state a claim because it failed to allege that the contracting parties clearly or manifestly intended to "primarily and directly" benefit the Plaintiff. The crux of the Plaintiff's third-party beneficiary allegation is his self-declared "third-party beneficiary standing" and "insurable interest," "which may be enforced by [the Plaintiff], even though no policy of insurance is possessed in his name." (ECF No. 1-2 at ¶ 13.) While those allegations provide a basic sketch of virtually every imaginable insurance claim made by a purported third-party beneficiary, they do not provide sufficient information to show that this particular Policy reflects a clear or manifest "express" intent to benefit this particular Plaintiff "primarily and directly," as required by Florida law. Further, the complaint does not allege that the Plaintiff is an intended beneficiary of the Policy, much less how or by what terms he is an intended beneficiary. By failing to show what terms render him a third-party beneficiary, the amended complaint presents nothing more than the sort of "the defendant-unlawfully-harmed-me accusation" that *Iqbal* prohibits. 556 U.S. at 678.

The complaint also fails to satisfy the third element, which is a breach of the contract by a contracting party. "It is a basic tenet of contract law that a party can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." *Herssein Law Grp. v. Reed Elsevier, Inc.*, 594 F. App'x 606, 608 (11th Cir. 2015) (affirming

dismissal of complaint that failed to allege breach with sufficient specificity). The 10th and 12th paragraphs of the complaint are consistent with its overall conclusory nature. In those paragraphs, the Plaintiff alleges that the Defendant "rejected the total amount of damages" and the "Defendant's conduct constitutes a breach of [the] contract of insurance." (ECF No. 1-2 at ¶¶ 10, 12.) The Plaintiff never specifies which (of many) terms of the Policy were breached. The Defendant cannot be tasked with defending itself by guesswork against such catchall allegations. *See Herssein Law Grp.*, 594 F. App'x at 608. Because the Plaintiff does not provide facts that support its legal conclusions, its complaint fails to rise above a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. As such, the Court finds that the Plaintiff has failed to state a claim upon which relief can be granted.

### b. The Plaintiff Is Not an Intended Third-Party Beneficiary.

Even if the complaint adequately alleged that the Plaintiff is an intended third-party beneficiary, which the Court finds it did not, the terms of the Policy foreclose that theory of standing. The parties, who both rely on the Policy, which was attached to the complaint, do not dispute the Court's authority to take the terms of the insurance policy into consideration at the motion to dismiss stage. *See Silvin v. Geico Gen. Ins. Co.*, 517 F. App'x 781, 782-85 (11th Cir. 2013) (affirming, upon de novo review, a district court's order granting insurance carrier's motion to dismiss policyholder's claim for breach of the insurance policy, where the policy language was unambiguous and the policyholder's interpretation was unreasonable). The policy is a "Lender-Placed Insurance" policy, which states that:

> The contract of insurance is only between [Seterus, Inc.] and Integon National Insurance Company. There is no contract of insurance between [Bernardo Zabala] and Integon National Insurance Company. The insurance purchased is intended for the benefit and protection of [Seterus, Inc.] . . . and may not sufficiently protect [Zabala's] interest in the property.

(ECF No. 4-1 at 2.) The Policy further provides:

> LOSS Payment. WE will adjust each LOSS with [Seterus, Inc.] and will pay [Seterus, Inc.]. If the amount of LOSS exceeds the UNPAID PRINCIPAL BALANCE, [Zabala] may be entitled, as a simple LOSS payee only, to receive payment for any residual amount due for the LOSS, not exceeding the lesser of the applicable Limit of Liability

> indicated on the NOTICE OF INSURANCE and [Zabala's] insurable interest in the damaged or destroyed property on the DATE OF LOSS. Other than the potential right to receive such payment, [Zabala] has no rights under this RESIDENTIAL PROPERTY FORM.
>
> Payment for LOSS will be made within thirty (30) days after WE reach agreement with [Seterus, Inc.] as to the amount of the LOSS.

(*Id.* at 10 (capitalization in original).)

The plain terms of the Policy reflect an intent not to "primarily and directly" benefit the Plaintiff. Indeed, with one contractual exception (*see* Part 3.c., *infra*), the Plaintiff expressly "has no rights under" the Policy. (ECF No. 4-1 at 10.) The Policy disclaims an intent to benefit anyone other than the parties to the contract. It states that it "is intended for the benefit and protection of [Seterus, Inc.]" in the same subsection that it states that "[t]here is no contract of insurance between [Zabala] and Integon National Insurance Company." (*Id.* at 2.) Under Florida law, "[i]t is a fundamental principle of contract construction, known as *expressio unius est exclusio alterius*, that the expression of one thing is the exclusion of the other." *Shumrak v. Broken Sound Club, Inc.*, 898 So. 2d 1018, 1020 (Fla. Dist. Ct. App. 2005). Thus, the expression of an intent to benefit Seterus, Inc., reveals that the Plaintiff was excluded from the Policy's intended beneficiaries.

As a matter of law, the Plaintiff cannot satisfy the second essential element of their claim. Under similar circumstances, "courts appear to have uniformly determined that a homeowner cannot state a third-party beneficiary claim for breach of a [lender-placed] insurance contract where the subject policy language expressly contains a clear and manifest intent to not primarily and directly benefit the homeowner/borrower." *Harnarrine v. Praetorian Ins. Co.*, No. 18-62848-CIV, 2019 WL 8508084, at *5 (S.D. Fla. Jan. 10, 2019) (Dimitrouleas, J.). *Harnarrine*, which addressed a policy with materially identical language as the Policy in this case, is part of a long list of Florida cases rejecting third-party beneficiary claims brought by homeowners who were not parties to a lender-placed policy. (*See* Mot., ECF No. 4 at 7-15 (collecting cases).)

The Court has considered, and now rejects, the Plaintiff's argument that he has standing to pursue this action as a third-party beneficiary to protect his own interest as a homeowner for the insured property. (ECF No. 5 at 3.) The Plaintiff points to earlier Middle District of Florida decisions that agreed that Fla. Stat. § 627.405 confers such standing because that statute provides that homeowners have an interest in their property. *See Conyers v. Balboa Ins. Co.*,

935 F. Supp. 2d 1312 (M.D. Fla. 2013); *Kelly v. Balboa Ins. Co.*, 897 F. Supp. 2d 1262 (M.D. Fla. 2012) (citing *Schlehuber v. Norfolk & Dedham Mut. Fire Ins. Co.*, 281 So. 2d 373 (Fla. 3d DCA 1973)); *Fawkes v. Balboa Ins. Co.*, 2011 WL 557322 (M.D. Fla. 2011). The Plaintiff's reliance on these decisions, which applied Section 627.405 to hold, in the abstract, that property owners can be third-party beneficiaries with standing to state a claim for breach of an insurance policy, is misplaced. *See Herrera v. Integon Nat'l Ins. Co.*, No. 18-24686-CIV, 2020 WL 2850601, at *4 (S.D. Fla. Feb. 6, 2020) (Torres, J.), *report and recommendation adopted*, No. 19-24686-CIV, 2020 WL 2850588 (S.D. Fla. Feb. 25, 2020) (Williams, J.). "There is no *per se* rule in Florida that a party with an insurable interest is automatically vested with standing to enforce a policy of property insurance." *Harnarrine v. Praetorian Ins. Co.*, No. 18-62848-CIV, 2019 WL 8508084, at *4 (S.D. Fla. Jan. 10, 2019) (Dimitrouleas, J.).

On the contrary, Florida law requires courts to consider the intent of the contracting parties, which in this case, as set forth by the terms of the Policy, was not to primarily and directly benefit the Plaintiff. Indeed, more recent decisions from the Middle District have taken the same approach to reach the same outcome. *See, e.g., Riviero v. Praetorian Nat'l Ins. Co.*, Case No. 8:18-cv-2817-T-36AEP (M.D. Fla. June 19, 2019) ("[W]here the contract specifically states that no payment shall go to the borrower except in the case of a residual payment as a loss payee, the Plaintiff must allege more than a mere intention to benefit him as the property owner."). As several Southern District cases have observed, the Middle District cases cited by the Plaintiff did not involve policies that contained a "clear or manifest intent not to primarily and directly benefit the third party." *Catatonic Invs. Corp. v. Great Am. Assurance Co.*, No. 14-CV-21621, 2014 WL 11997839, at *3 (S.D. Fla. Nov. 25, 2014) (Moore, J.); *see also Harnarrine*, 2019 WL 8508084 (same); *Herrera v. Integon Nat'l Ins. Co.*, No. 18-24686-CIV, 2020 WL 2850601, at *4 (S.D. Fla. Feb. 6, 2020) (Torres, J.) (same), *report and recommendation adopted*, No. 19-24686-CIV, 2020 WL 2850588 (S.D. Fla. Feb. 25, 2020) (Williams, J.).

### c. The Plaintiff Does Not Claim to Be a Simple Loss Payee.

Finally, the motion to dismiss discusses (and the Plaintiff's opposition does not deny) that the complaint does not allege that the Plaintiff is a "simple loss payee." Although the Policy prohibits third-party beneficiary standing, the Policy does permit the homeowner-borrower to recover as a simple loss payee. (ECF No. 4-1 at 10.) Under the Policy, a borrower could be a simple loss payee if the amount of the loss exceeds the unpaid principal balance. (*Id.*) The complaint does not allege that the Plaintiff is a simple loss payee. Rather, in opposition to the motion to dismiss, the Plaintiff now claims that the simple

loss payee provision reflects an intent to confer a benefit on the Plaintiff that supports his ability to proceed as a third-party beneficiary. (ECF No. 5 at 5.) As a procedural matter, the Plaintiff cannot amend his complaint "via a response to a motion to dismiss." *Llauro v. Tony*, No. 1:19-CV-20638, 2020 WL 3637242, at *7 n.1 (S.D. Fla. June 30, 2020) (Gayles, J.) (citation omitted). As a substantive matter, this argument lacks merit. The Policy provides that the borrower could proceed "as a simple LOSS payee *only* . . . ." (ECF No. 4-1 at 10 (capitalization in original) (italics added).) The Court is not persuaded that a provision authorizing the Plaintiff to proceed as a simple loss payee *only* supports an attempt to proceed as a third-party beneficiary *also*.

### 4. Conclusion

Because the complaint does not allege specific facts in support of its legal conclusions, the Court finds that the complaint fails to adequately state a claim for breach of contract. The Court has also held that the Plaintiff cannot state a claim as a third-party beneficiary under the Policy as a matter of law. The Court therefore dismisses the complaint with prejudice and without leave to amend. Further, the Plaintiff has not requested leave to amend. *Wagner v. Daewoo Heavy Industries Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."); *Avena v. Imperial Salon & Spa, Inc.*, 17-14179, 2018 WL 3239707, at *3 (11th Cir. July 3, 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend.").

Accordingly, the Court **grants** the Defendant's motion to dismiss (**ECF No. 4**) with prejudice and without leave to amend. The Clerk is directed to **close** this case. Any pending motions are **denied as moot**.

**Done and ordered** in chambers, at Miami, Florida, on July 14, 2020.

_____
Robert N. Scola, Jr.
United States District Judge